|,PER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Neil M. Trichel, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In 1989, Guy Módica, a Baton Rouge attorney, filed suit on behalf of his former wife, Rose Mary, against a contractor who performed allegedly defective construction and remodeling work at Ms. Modica’s Shreveport residence. Rose Mary Modica v. John R. Gentry, et al., No. 355819 on the docket of the First Judicial District Court for the Parish of Caddo. In 1991, Mr. Módica obtained a default judgment against the contractor. Thereafter, Ms. Módica suggested to her former husband that respondent, whom she knew from his work at a local hospital where she was employed, be retained to complete the matter. Mr. Módica agreed and contacted respondent.
*695 In August 1994, Mr. Módica sent respondent his file in the matter and asked him to confirm the previously entered default judgment, which Mr. Módica would 12then attempt to collect.[1] Respondent apparently consented to this arrangement. Nevertheless, in October 1994, without consulting with either Mr. or Ms. Módica, respondent filed an amended petition which raised a new cause of action. Immediately after the amended petition was filed, the defendant made a formal appearance in the suit, and accordingly, the default judgment could not be confirmed. Over the next year, respondent neglected the matter and performed no work on his clients’ behalf. Moreover, during the course of respondent’s representation, Mr. and Ms. Módica made numerous and repeated requests to him for information on the status of the matter. Respondent failed to respond to his clients’ letters and telephone calls, and he failed to keep them informed of the status of the case. Respondent also failed to surrender the file to Mr. Módica upon his written request.
DISCIPLINARY PROCEEDINGS

Formal Charges

After an investigation, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.16(d) (termination of the representation) of the Rules of Professional Conduct. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence.

13Hearing Committee Recommendation

The hearing committee recommended that respondent be suspended from the practice of law for eighteen months in light of his misconduct in this matter and his prior disciplinary history.[2]
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board found the ODC proved respondent violated the professional rules as charged. The board noted that respondent failed to respond to his clients’ requests for information, failed to move their case forward, and failed to return their file upon request.[3] It concluded these negligent acts clearly violated respondent’s ethical duties and caused harm to his clients.
Considering the prior jurisprudence,[4] the board suggested the baseline sanction for respondent’s misconduct is a one-year suspension from the practice of law. However, given the significant aggravating fac *696 tors present and the lack of mitigating factors,[5] the board concluded that an upward deviation from the baseline is warranted. [¿Accordingly, the board recommended that respondent be suspended from the practice of law for eighteen months. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports a finding that respondent neglected the legal matter he was retained to complete, failed to communicate with his clients, and failed to properly terminate his representation of the Módicas. Furthermore, respondent’s misconduct, negligent if not knowing, caused potential harm to his clients.[6]
In light of these facts, and considering respondent’s prior disciplinary record for similar misconduct, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for eighteen months.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Neil M. Trichel be suspended from the practice of law in Louisiana for eighteen months. All costs and expenses in the |Bmatter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Lemmon, J., not on panel. Rule IV, Part II, § 3.

. Respondent and Mr. Módica apparently did not discuss whether respondent would be paid a fee for confirming the default judgment, but respondent suggested that he intended to handle the matter as a courtesy to Ms. Módica. No money has ever changed hands between respondent and his clients.

. Respondent was twice admonished for failing to cooperate with the ODC in a disciplinary investigation (90-ADB-591 and 92-ADB-029) and admonished once for neglecting his client's legal matter, failing to communicate with his client, and failing to return an unearned fee (91-ADB-007). In addition, this court has previously imposed a six-month suspension from the practice of law, deferred, subject to a six-month period of probation, for respondent’s neglect of his client's legal matter and failure to communicate with his client. In re: Trichel, 625 So.2d 1024 (La.1993).

. The board acknowledged that Ms. Módica could have obtained a judgment in her favor had respondent simply confirmed the default judgment and not chosen to file an amended petition. However, the board concluded that respondent's election, in and of itself, does not constitute ethical misconduct.

. The board cited In re: Powers, 98-2826 (La. 1/29/99), 731 So.2d 185 (one year and one day suspension), and In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693 (one-year suspension), both of which involved misconduct similar to that at issue in the instant case.

. The board apparently adopted the aggravating and mitigating factors cited by the ODC in its submission to the hearing committee. The aggravating factors include prior discipline, pattern of misconduct, obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 1974), and indifference to making restitution. The only mitigating factor offered is the absence of a dishonest or selfish motive.

. While the ODC argues that the misconduct caused actual harm to Ms. Módica because her suit was dismissed as abandoned, the absence from the record of a judgment to this effect dictates that we reject this argument.