PER CURIAM.
This disciplinary matter stems from five counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Charles R. Whitehead, III, an attorney licensed to practice law in Louisiana.[1]
UNDERLYING FACTS
Counts I and II — Valrie Matter
In January 1997, Alabama attorney M. Dale Marsh referred one of his clients, Janice Valrie, to respondent for representation in connection with a domestic proceeding in Louisiana. Respondent sent a letter to Mr. Marsh agreeing to handle Ms. Valrie’s ease on an hourly basis, with payment for the fee coming out of any settlement received by her. Respondent further requested that Ms. Valrie pay a $150 filing fee, which she immediately did by way of a cashier’s check issued to the Clerk of Court’s Office for the Tenth Judicial District Court and directed to respondent’s office.
Initially, respondent took some action in the matter by communicating with opposing counsel and forwarding a letter to Mr. Marsh. However, after several weeks, respondent failed to return telephone calls or answer correspondence from either Ms. Valrie or Mr. Marsh regarding the status of the case. Eventually, Ms. Valrie retained other counsel to complete the matter.
Ms. Valrie and Mr. Marsh each filed a complaint with the ODC seeking a return of Ms. Valrie’s original documents and filing fee. Respondent failed to comply with the ODC’s numerous requests for information about the matter, requiring the ODC to issue four subpoenas to compel his cooperation. He responded to only one of the subpoenas, asserting he did not take any further action in Ms. Valrie’s matter because he failed to receive a retainer and the filing costs from her.[2]
Count III — Cadwallader Matter
In November 1996, Julie Cadwallader paid respondent $500 to represent her in a domestic proceeding which involved issues of divorce, community property, child support and child custody. While respondent successfully obtained a judgment of divorce for his client, he subsequently failed to take any action regarding the other matters. As a result, Ms. Cadwallader fell into financial hardship and had her residential utilities disconnected. Ms. Cadwal-lader ultimately retained other counsel, who completed the case in approximately one month. Ms. Cádwallader then filed a complaint with the ODC advising of respondent’s misconduct.
Count v. & VI — Mid America Matter
In 1995, Robert Nauman, on behalf of his employer, Mid America Collection Services USA, referred a pending collection suit to respondent. Thereafter, Mr. Nau-man sent respondent a letter requesting that respondent amend the petition in the suit to add an additional defendant. Mr. Nauman received no response from 13respondent to this correspondence. Mr. Nauman followed up his initial correspondence with more than 150 telephone calls and numerous other letters, but respondent did not reply.
Mr. Nauman filed a complaint with the ODC advising of respondent’s misconduct. *286 When respondent failed to reply to the complaint, the ODC subpoenaed respondent to appear for a scheduled deposition and produce his file. In lieu of the deposition, respondent sent a letter to the ODC in which he indicated that his entire file in the matter was attached; however, the file was not attached to the letter received by the ODC. The ODC agreed to cancel respondent’s deposition, with the understanding that he would supplement his response and include his entire file. When he failed to supplement his response and he was again subpoenaed for a scheduled deposition, respondent neglected to appear. Although the ODC requested that respondent contact the office as soon as possible to reschedule the deposition, respondent refused to respond to the request.
DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed six counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent filed an answer and the matter was set for formal hearing.[3]

Formal Hearing

At the hearing, respondent stipulated to the allegations of misconduct, so the hearing was limited to the question of the appropriate sanction. Respondent testified on his own behalf. He expressed remorse for his failure to communicate with his clients and the ODC, and admitted he could have handled the matters more professionally. He attributed much of his problems to the lack of an adequate office staff and calendaring system, which he stated he had rectified.

Recommendation of the Hearing Committee

Based on respondent’s stipulation, the hearing committee found the ODC had proven by clear and convincing evidence violations of Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (failure to return unearned fees), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) and 8.4(g) (failure to cooperate with the ODC in a disciplinary investigation). The committee found respondent’s conduct reflected badly on the legal profession. As a sanction, it recommended that respondent be suspended from the practice of law for a period of one year, with six months deferred, subject to a two year period of probation with conditions.

*287
Recommendation of the Disciplinary Board

The disciplinary board adopted the hearing committee’s findings of fact. It further concluded respondent violated duties owed to his clients and the disciplinary system. The board found respondent’s conduct caused actual harm to his clients, because their cases were delayed. It noted Ms. Cadwallader in particular suffered financial hardship because respondent failed to pursue her child support matter. Moreover, it pointed out the disciplinary system was harmed by respondent’s repeated failure to cooperate with the initial disciplinary proceedings.
In addressing the issue of sanctions, the board found the baseline sanction under Standards 4.42 and 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions[4] was a suspension. As to aggravating factors, the board recognized respondent’s prior disciplinary offense,[5] pattern of misconduct, multiple offenses, substantial experience in the practice of law[6] and failure to cooperate in the initial disciplinary process. As to mitigating factors, the board considered respondent’s remorse, character and reputation,[7] cooperative attitude through the submission of previous consent discipline petitions and absence of selfish motive.
Considering these factors, the board recommended respondent be suspended from the practice of law for a period of one year with six months deferred, subject to a one year period of probation. As conditions of probation, the board recommended that respondent successfully complete the Louisiana State Bar Association’s Ethics School and make an accounting and restitution to Ms. Cadwallader.[8]
Respondent filed an objection in this court to the severity of the proposed sanction. As a result, the court docketed the matter for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
The record establishes that respondent failed to pursue three client matters, *288 failed to communicate with three clients, failed to refund unearned fees owed to at least one client and failed to cooperate with the ODC in two disciplinary investigations. Therefore, the only issue to be addressed by the court is an appropriate sanction for the underlying misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct caused actual harm to his clients by significantly delaying resolution of their legal matters. Ms. Cadwallader in particular suffered financial harm as a result of respondent’s needless delay of her case. Likewise, the disciplinary system was harmed by respondent’s consistent failure to cooperate, requiring the ODC to undergo the extra expense and time of issuing subpoenas to compel a response.
The baseline sanction for respondent’s misconduct is a suspension from the practice of law. See In re: Szuba, 01-1877 (La.10/5/01), 797 So.2d 41 (two year suspension, subject to a one year period of probation, imposed on an attorney with a prior disciplinary record who neglected three legal matters, failed to communicate with his clients and failed to return client property); In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428 (three year suspension imposed on attorney who neglected three client matters, failed to communicate with the clients, failed to account for and return unearned fees, failed to repay a student loan, withheld client property and failed to cooperate with the ODC); In re: Smith, 00-2627 (La.11/27/00), 775 So.2d 1 (one year and one day suspension followed by a two year period of probation imposed on attorney with a prior disciplinary record who neglected two client matters, failed to communicate with clients, failed to refund unearned fees, engaged in the unauthorized practice of law and failed to cooperate with ODC); In re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (three year suspension imposed on attorney with a prior disciplinary record for similar misconduct who neglected three clients’ legal matters, failed to communicate with the clients, failed to account for and return unearned fees and failed to cooperate with the ODC); In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693 (one year and one day suspension imposed on an attorney who accepted a retainer to represent two clients, failed to pursue their case and failed to communicate with them); and In re: Cohen, 98-0291 (La.3/27/98), 708 So.2d 415 (three year suspension, with twenty-one months deferred, followed by a two year period of unsupervised probation with conditions, stemming from nine disciplinary complaints |salleging neglect, failure to communicate, failure to return client funds and failure to cooperate with the ODC).
As aggravating factors, we recognize respondent’s prior disciplinary record, a pattern of misconduct, multiple offenses, substantial experience in the practice of law and failure to cooperate in the disciplinary process. In mitigation, we find respondent has shown evidence of remorse, as well as good character and reputation in the community and an absence of any selfish motive.
Considering the facts of this case, we conclude a one year suspension from the practice of law is the appropriate sanction for respondent’s misconduct. We will de *289 fer six months of this suspension, and place respondent on unsupervised probation for a period of one year, subject to the conditions recommended by the disciplinary board.[9] Any violation of the conditions of probation or any additional misconduct during the probationary period will be grounds for making the deferred period of the suspension executory and/or imposing additional discipline, as appropriate.
Accordingly, we find the disciplinary board’s recommendation to be appropriate under the facts.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Charles R. Whitehead, III be suspended from the practice of law for a period of one year. Six months of this suspension shall be deferred, subject to a one year period of probation. During the period of probation, respondent shall comply with the conditions of probation recommended by the disciplinary board. It is further ordered that any misconduct during the probationary period will be grounds for making the deferred period of the suspension exec-utory and/or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Originally, six counts of misconduct were filed against respondent. At the formal disciplinary hearing, the ODC dismissed Count IV and, thus, no further reference will be made herein regarding this charge.

. Respondent’s statement is contrary to the evidence, which indicate he agreed that his fee would come from any settlement received by Ms. Valrie.

. Prior to the hearing, respondent filed a petition for consent discipline, in which he initially proposed a fully deferred six-month suspension, subject to an eighteen-month period of supervised probation with conditions. The ODC concurred in respondent's petition. However, the disciplinary board unanimously rejected the petition, finding the proposed discipline was too lenient. Respondent then filed a supplemental and amending petition for consent discipline, proposing that he be suspended from the practice of law for sixty days and that he participate in Ethics School. Once again, the ODC concurred in respondent's petition. On April 11, 2000, the disciplinary board, with two members dissenting, recommended the supplemental and amending petition for consent discipline be accepted. On May 26, 2000, this court rejected the petition for consent discipline and remanded the case for further proceedings. In re: Whitehead, 00-1045 (La.5/26/00), 762 So.2d 630.

. Standard 4.42 provides "[s]uspension is generally appropriate when: (a) a lawyer fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.”
Standard 7.2 provides "[sjuspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potentially serious injury to a client, the public, or the legal system.”

. On December 13, 1995, respondent was admonished for neglecting a succession matter, attempting to cover up his misconduct by misrepresenting facts to his client, failing to refund an unearned fee and failing to cooperate with the ODC. In re: Whitehead, 95-ADB-085 (12/13/95).

. Respondent was admitted to the practice of law for approximately ten years at the time of misconduct.

. In support of his character and reputation, respondent offered correspondence from Sarah Campbell, Executive Director of the Kit-satchie Legal Services Corporation ("KLSC”), a legal entity formed for the purpose of providing legal services to the indigent in the Natchitoches area. The letter provided respondent was recognized as the Pro Bono Attorney of the Year on two occasions. Moreover, it stated respondent was on KLSC’s Board of Directors for two years during which time he was an "exemplary” and "very active member of the Board, conscientiously attending meetings” and "demonstrating a concern and empathy for those less fortunate.”

. Notably, restitution is not due to Ms. Valrie. Several years after she filed her disciplinary complaint, Ms. Valrie’s bank refunded the $150 filing fee to her since the cashier's check directed to respondent was never negotiated.

. One of the conditions is that respondent render an accounting and make restitution to Ms. Cadwallader. By motion filed in this court, respondent sought to supplement the record to provide evidence of restitution. We decline to amend the record of these proceedings and instead direct respondent to submit this evidence to the ODC, which may then determine whether respondent has adequately complied with the condition of accounting and restitution.