*944 |,ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Vincent P. Blanson, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1984. In 2002, this court considered a proceeding involving two counts of formal charges against respondent for misconduct which occurred in 1999 and 2000. These charges alleged that respondent neglected a legal matter, failed to communicate with a client, failed to make reasonable efforts to expedite litigation, and failed to cooperate with the ODC in its investigation. After considering the record, we suspended respondent from the practice of law for one year and one day. In re: Blanson, 01-3048 (La.2/22/02), 809 So.2d 126 (hereinafter referred to as “Blanson /”). Respondent has not yet filed an application for reinstatement from Blanson I. Accordingly, he remains suspended from the practice of law.
I ¿FORMAL CHARGES
Following an automobile accident in January 1998, Otis Blanson hired respondent to represent him in a personal injury matter.[1] Respondent filed a petition for dam *945 ages on behalf of Mr. Blanson in January 1999. From June 1999 until November 2002, Mr. Blanson contacted respondent on a regular basis requesting information about the status of the case, but he was always “put off’ by respondent with excuses for the lack of progress in the matter. Beginning in November 2002, Mr. Blanson was unable to reach respondent at all. In June 2003, Mr. Blanson went to respondent’s home in an attempt to learn the status of the case. At that time, respondent assured Mr. Blanson that everything was fine. Soon thereafter, Mr. Blanson went to the court to check the status of his case and learned the case had been dismissed as abandoned in May 2002.
DISCIPLINARY PROCEEDINGS
On February 13, 2004, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent failed to answer or otherwise reply to the formal charges, which were personally served upon him on September 24, 2004. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and ^documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After considering the ODC’s submission in response to the deemed admitted order, the hearing committee made the following factual findings:
1) Mr. Blanson hired respondent to represent him in a personal injury matter arising from a January 1998 automobile accident;
2) Respondent filed a petition for damages on behalf of Mr. Blanson on or about January 22,1999;
3) On May 2, 2002, an order was signed dismissing the petition as abandoned for nonprosecution of action;
4) Mr. Blanson attempted on numerous occasions to reach respondent to discuss the status of his case; however, respondent failed to provide an accurate case status to his client; and
5) In June 2003, Mr. Blanson went to respondent’s home, and respondent told him his case was still pending despite the fact it had been dismissed as abandoned in May 2002.
Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. In doing so, respondent violated a duty owed to his client by neglecting his legal matter and failing to truthfully communicate the status of his case. Furthermore, respondent failed to cooperate with the ODC in its investigation of this matter.[2] Respondent’s 1¿misconduct caused substantial harm to Mr. Blanson, who lost his right of action. The committee also found that respondent acted intentionally in both ignoring Mr. Blanson’s numerous requests for status updates and then misleading him as to the status. According to the ABA’s Standards *946 for Imposing Lawyer Sanctions, the baseline sanction is a period of suspension.
The committee found no mitigating factors present. However, it did find the aggravating factor of prior disciplinary offenses to be present.[3]
Considering the above findings and this court’s prior jurisprudence regarding similar misconduct, the committee recommended that respondent receive “a significant suspension.”
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the hearing committee’s factual findings are supported by the record and that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The board determined that respondent violated a duty owed to his client. He also violated duties owed to the ODC and the profession by failing to cooperate with the ODC in its investigation. His conduct was intentional and caused substantial harm to Mr. Blan-son in that he has lost his right of action. The board agreed with the committee’s determination that the baseline sanction is a period of suspension.
[sAs did the committee, the board found no mitigating factors present. In aggravation, the board found prior disciplinary offenses and substantial experience in the practice of law (admitted 1984).
The board also found that this court’s prior jurisprudence indicates an eighteen-month suspension has generally been imposed in similar cases. Accordingly, the board recommended that respondent be suspended for eighteen months. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Although neither respondent nor the ODC filed an objection to the board’s recommendation, on April 12, 2006, this court ordered briefing addressing the issue of an appropriate sanction.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316. (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those' charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, | fiadditional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In other words, mere allegations of a rule violation, without specific factual allegations or supporting evidence, is insufficient to prove misconduct by the requisite “clear and convincing” standard. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
*947 The deemed admitted facts in this case establish that respondent neglected his client’s legal matter for more than three years, causing the case to be dismissed for abandonment, failed to reasonably communicate with his client during this time, and falsely informed his client that the case was still pending when it had been dismissed.
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent’s misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In acting as he did, respondent knowingly, if not intentionally, violated a duty owed to his client, causing his client to lose his right of action. We note, however, that the time frame of the instant misconduct (1999-2002) overlaps with the misconduct forming the basis of respondent’s suspension of one year and one day in Blanson I (1999-2000). In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that “[w]hen a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first |7proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.” Although Chatelain merely adjudged the respondent (who was already disbarred) guilty of additional violations, later cases have recognized that the court may impose additional discipline in order to make the overall discipline appropriate. For example, in In re: Vaughan, 01-1948 (La.10/26/01), 801 So.2d 1058, we stated:
Applying the Chatelain reasoning, we will consider respondent’s actions in the instant case together with his actions in Vaughan I.
[[Image here]]
Under these circumstances, we conclude that if the court had considered the instant charges together with the charges in Vaughan I, we would have suspended respondent from the practice of law for a period of three years. Accordingly, we will now impose a three year suspension, to run concurrently with the suspension in Vaughan I.
In determining an appropriate sanction in the instant matter, we feel the approach of Vaughan/Chatelain is instructive. Accordingly, the determination of an appropriate sanction in this matter should be based upon the sanction the court would have imposed if the instant charges had been before the court at the same time as the charges in Blanson I.
The baseline sanction for respondent’s misconduct in both Blanson I and the instant matter is a period of suspension. Had all the misconduct been considered by the court at the same time, we likely would have imposed a period of suspension in the range of one year, partly deferred, to two years.[4] Respondent has already served Lan actual suspension of one year and one *948 day in Blanson I; therefore, we find an additional six-month suspension is sufficient discipline in this matter.
Accordingly, we will reject the disciplinary board’s recommended sanction and suspend respondent from the practice of law for a period of six months.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Vincent P. Blanson, Louisiana Bar Roll number 14088, be suspended from the practice of law in Louisiana for a period of six months. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. It appears from the record that respondent and Mr. Otis Blanson are related to each other; however, the exact nature of the relationship is not specified.

. Respondent failed to respond to the complaint, and failed to appear in response to a subpoena. It is noteworthy, however, that respondent has not been formally charged with failing to cooperate with the ODC in its investigation.

. As previously noted, respondent was suspended in Blanson I. He also received a private reprimand in 1990.

. See In re: Whitehead, 01-3071 (La.4/12/02), 816 So.2d 284 (one-year suspension, with six months deferred, imposed upon an attorney who failed to pursue three client matters, failed to communicate with three clients, failed to refund unearned fees owed to at least one client, and failed to cooperate in two disciplinary investigations; the attorney received a prior admonition for similar misconduct); In re: Decker, 01-0968 (La.6/22/01), *948 790 So.2d 617 (one year and one day suspension imposed upon an attorney who neglected a succession matter, misrepresented the status of the matter to his client, and failed to account for or refund an unearned fee; the attorney received a prior admonition for similar misconduct); and In re: Waltzer, 04-1032 (La.10/8/04), 883 So.2d 973 (two-year suspension imposed upon an attorney who neglected three legal matters, failed to communicate with her clients, failed to properly terminate the representation of her clients, failed to cooperate with the ODC in its investigations, and gave false and misleading information to the ODC; the attorney received a prior admonition for similar misconduct).