| ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Jesse Clarence Brown, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
On October 8, 1996, Terry Jones and her eleven-year old son, Christopher Jones, were involved in an automobile accident in Jefferson Parish. Shortly thereafter, Ms. Jones retained respondent to represent her and Christopher in a suit for damages arising out of the accident. On October 8, 1997, respondent filed suit on behalf of his clients, naming as defendants Allstate Indemnity Company and its insured, Robert Veal. Terry Jones, individually and on behalf of Christopher Jones v. Robert Veal and Allstate Indem. Co., No. 515-602 on the docket of the 24th Judicial District Court for the Parish of Jefferson. In the original petition, respondent instructed the clerk of court to withhold service on the defendants. Respondent then filed an amended petition on October 1, 1998 in which he requested service on the defendants; however, the defendants were not served. On January 31, 2003, respondent sent a letter to the clerk of court requesting that service be reissued on the defendant Allstate. Respondent took no further action of record in the case.
| ¿The defendants were finally served on February 13, 2003. On March 18, 2003, the defendants filed a motion to dismiss, asserting that the plaintiffs had not requested service of process within ninety days of commencement of the action, as required by La.Code Civ. P. art. 1201(C). The trial court set the defendants’ motion for hearing on May 28, 2003. The suit record reflects that over a two-week period, the Sheriffs Office made eight attempts to serve respondent with notice of the hearing, but on each occasion, it was noted that respondent’s office was “closed.” As a result of the inability to serve respondent, the trial court was forced to continue the hearing, and the motion to dismiss has apparently never been ruled upon.
In November 2004, Ms. Jones and Christopher filed a disciplinary complaint against respondent, alleging that he periodically assured them he was working on their case, but after 2000, they were unable to reach him to discuss the status of the matter. Ms. Jones further reported that she contacted Allstate in August 2004 and was informed that the case was considered abandoned. Ms. Jones attempted to contact respondent after receiving this information, but she was unsuccessful in reaching him.
DISCIPLINARY PROCEEDINGS
Following its investigation, the ODC filed one count of formal charges against *484 respondent, alleging that his conduct in the Jones matter violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent | nanswered the formal charges and denied any misconduct. This matter then proceeded to a formal hearing on the merits.[1]

Hearing Committee Report

Considering the evidence and testimony presented at the hearing, the hearing committee made a factual finding that respondent failed to diligently, expeditiously, and competently pursue his clients’ personal injury case. In the nine years since the filing of the original petition for damages, respondent forwarded (but did not file) one piece of discovery and received medical records. He did not take any depositions, never interviewed the doctors who performed surgery on Christopher Jones, and never filed a motion to withdraw. The committee found it is irrelevant whether the injuries to Terry Jones and Christopher Jones were minor or not; respondent undertook the representation and failed to pursue it diligently, expeditiously, and competently. The committee expressly noted that it made no finding whether the Jones case was abandoned or whether the defendants’ motion to dismiss has merit. Based on these factual findings, the committee determined that respondent violated Rules 1.1(a), 1.3, and 3.2 of the Rules of Professional Conduct.
The committee further found there is insufficient evidence to support the ODC’s allegation that respondent failed to communicate with his clients. Respondent testified that he had computer records indicating that he had received, and subsequently returned, at least 158 telephone calls pertaining to the Jones case. Ms. Jones did not testify at the hearing, and although her son did testify, he acknowledged that he was eleven years old when the accident occurred and that his mother had handled virtually all of the communications with respondent after he was retained. | Jn addition, the committee found no evidence was presented to support the ODC’s allegation that respondent engaged in any dishonest or deceitful conduct. Based on these factual findings, the committee recommended that the alleged violations of Rules 1.4 and 8.4(c) be dismissed.
The only aggravating factor recognized by the committee was respondent’s prior disciplinary record;[2] however, the committee found this factor was mitigated by respondent’s “lengthy practice of law with no other disciplinary violations.”
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three months.
Respondent filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

The disciplinary board found the hearing committee’s factual findings are not mani *485 festly erroneous and adopted same. After reviewing the evidence in the record, the board made the following determinations regarding rule violations:
Rules 1.1(a), 1.3, and 3.2 have been violated. Over a period of three years or longer, respondent failed to ensure that parties were timely served, that an answer was timely filed, and that basic discovery was conducted. Such conduct demonstrates a failure to act competently, a failure to expedite litigation, and neglect of the legal matter.
Rule 1.4 has not been violated. Respondent testified that his computer records revealed he had in excess of 158 telephone calls regarding the Jones case. Although respondent’s reference to these records does not in and of itself establish that the I,-,client was kept informed concerning the October 8, 1996 accident, there is no sworn reliable testimony to weigh against respondent’s sworn testimony. Christopher Jones testified that his mother, Terry Jones, took the lead in contacting respondent as he was a child in the early years of the case. Ms. Jones did not testify at the hearing due to her hospitalization. Respondent testified that his computer “crashed” and he was unable to retrieve a printout of the phone records for the hearing. Accordingly, the board found the ODC failed to prove by clear and convincing evidence that respondent did not keep Ms. Jones informed about the personal injury case.
Rule 8.4(c) has not been violated. Without Ms. Jones’ testimony regarding the substance of her communications with respondent, there is no proof in the record that he misled her about the case. All that is in the record is Ms. Jones’ unsworn complaint that she “was not able to get good information showing that [respondent] was working the case” and that she called Allstate only to be told that the case was considered abandoned. Ms. Jones’ unsworn statement cannot carry the same weight as respondent’s sworn testimony that he had not misled her.
The board found that respondent violated duties owed to his clients, and that he acted knowingly. Respondent allowed the Jones case to languish indefinitely during the seven years that the case was under his exclusive control. The board also found that he failed to timely request service of the petition for damages and failed to move the case forward. As a result, the Joneses appear to have lost their day in court. The baseline sanction for respondent’s misconduct is a period of suspension.
According to the board, the record supports the following aggravating factors: prior disciplinary offenses, vulnerability of the victims, and substantial experience in the practice of law (admitted 1988). In mitigation, the board recognized that respondent’s prior discipline is remote in time.
| r,The board observed that prior cases involving misconduct similar to respondent’s have generally resulted in a one year and one day suspension from the practice of law. However, the term of the suspension has been adjusted to account for the number of counts involved and the aggravating and mitigating factors present. Concluding that under the instant facts, the three-month suspension recommended by the hearing committee is appropriate, the board recommended that respondent be suspended from the practice of law for three months. The board also recommended that respondent be assessed with all costs of these proceedings.
Respondent filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral *486 argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Respondent failed to competently handle the Jones matter, neglected the personal injury suit, and failed to expedite the litigation consistent with the interests _Jjof his clients.[3] Both the hearing committee and the disciplinary board determined that this conduct violated Rules 1.1(a), 1.3, and 3.2 of the Rules of Professional Conduct. These rule violations are supported by the record.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The question of when ordinary legal malpractice becomes an ethical violation is somewhat unclear. Strictly speaking, virtually any time an attorney allows his client’s case to prescribe or to become abandoned, it could be said the attorney lacks competence in violation of Rule 1.1 and failed to act with diligence in violation of Rule 1.3. However, as a practical matter, disciplinary sanctions are not always appropriate in every instance in which an attorney commits minor violations of the Rules of Professional Conduct. In re: Hartley, 03-2828 (La.4/2/04), 869 So.2d 799. When significant discipline has been imposed in this context, the cases typically involve situations in which the malpractice is combined with additional misconduct, such as where the attorney acts with deceit or misrepresents facts in an effort to conceal the malpractice from the client. See, e.g., In re: Blanson, 05-2561 (La.6/2/06), 930 So.2d 943 (attorney suspended for three years for allowing a suit to Isbecome abandoned and falsely assuring the client the suit was still pending when it had been dismissed).
The instant case does not involve any elements of deceit or misrepresentation. To the contrary, we find respondent’s actions were not the product of an evil or dishonest motive, nor did they cause any actual harm. Under the totality of the circumstances, we believe the matter would be more appropriately considered in *487 a civil malpractice action rather than a disciplinary proceeding.
Nonetheless, we are cognizant that the ODC has proved disciplinary violations by clear and convincing evidence. In light of the presence of aggravating factors, particularly respondent’s prior disciplinary record, we will impose a public reprimand upon respondent, cautioning him to be more diligent in attending to his client’s legal matters in the future.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Jesse Clarence Brown, Louisiana Bar Roll No. 18570, be publicly reprimanded. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KIMBALL, J., dissents for reasons assigned by TRAYLOR, J.
TRAYLOR, J., dissents and would impose discipline recommended by the Board and Hearing Commission.

. Among other witnesses, Christopher Jones testified before the hearing committee; however, Terry Jones was hospitalized in a rehabilitation facility recovering from surgery to remove a brain tumor, and thus she was unavailable to testify in person at the hearing.

. In 1994, respondent was admonished by the disciplinary board for entering into an improper business transaction with a client and issuing a worthless check to his client, in violation of Rules 1.8 and 8.4(c) of the Rules of Professional Conduct.

. In reaching the conclusion that respondent violated the disciplinary rules, we need not decide whether the Jones case is abandoned as a matter of law or whether respondent failed to timely serve the petition as required by the Louisiana Code of Civil Procedure.