ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 | jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Charles R. Whitehead, III, an attorney licensed to practice law in Louisiana.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1986. In 1995, respondent was admonished by the disciplinary board for neglecting a succession matter, attempting to cover up his misconduct by misrepresenting facts to his client, failing to refund an unearned fee, and failing to cooperate with the ODC.
 

 In 2002, this court considered a proceeding involving respondent’s neglect of three client matters, failure to communicate with three clients, failure to refund unearned fees owed to at least one client, and failure to cooperate with the ODC in two disciplinary investigations. The substantive misconduct occurred between 1995 and 1997, with the failure to cooperate occurring largely in 1998. After hearing oral argument in the matter, we suspended respondent from the practice of law for one | gyear, with six months deferred, followed by a one-year period of probation with conditions.
 
 In re: Whitehead,
 
 01-3071 (La.4/12/02), 816 So.2d 284
 
 (“Whitehead I”).
 

 Thereafter, we considered additional misconduct by respondent which occurred during the same time frame as the complaints resolved in
 
 Whitehead I.
 
 In
 
 In re: Whitehead,
 
 04-2862 (La.1/7/05), 890 So.2d 569
 
 (‘Whitehead II
 
 ”), we accepted a petition for consent discipline stemming from respondent’s neglect of his client’s legal matter and failure to communicate with his client. We publicly reprimanded respondent, subject to the conditions set forth in the petition for consent discipline.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 
 *251
 
 FORMAL CHARGES
 

 Count 1(a)
 

 State v. Michael Hayes,
 
 No. 58161, Sabine Parish
 

 In January 2004, Michael Hayes was charged in Sabine Parish with identity theft. In February 2004, respondent enrolled as Mr. Hayes’ counsel of record. Respondent was subsequently present with Mr. Hayes in March 2004 when he waived arraignment and entered a plea of not guilty to the criminal charge. The case was fixed for trial on June 14, 2004, with a pre-trial conference on May 24, 2004. Respondent and Mr. Hayes were instructed to return to court without further notice. However, on May 24, 2004, neither respondent nor Mr. Hayes appeared in court, and the trial judge issued a bench warrant for Mr. Hayes’ arrest.
 

 On August 24, 2004, the trial court recalled the bench warrant and placed the case on the docket for trial on October 11, 2004. On October 1, 2004, Mr. Hayes appeared in court with respondent and entered into a plea agreement. Mr. Hayes pleaded guilty to the charge of identity theft and was sentenced to five years at hard 1 .¡labor, suspended, and was placed on supervised probation for five years. He was also ordered to pay restitution.
 

 On March 10, 2005, the State filed a motion to revoke probation, following Mr. Hayes’ arrest on two counts of principal to issuing worthless checks. Mr. Hayes’ court-ordered restitution was also in arrears. The court appointed respondent to represent Mr. Hayes in the probation matter and set a hearing for April 18, 2005. On the date of the hearing, respondent appeared in court, but Mr. Hayes did not, and the court issued a bench warrant for his arrest. The State then filed an amended motion to revoke probation, which was set for hearing on October 14, 2005. On that date, neither respondent nor Mr. Hayes appeared. However, another attorney, Ginger Vidrine, filed a motion to enroll as Mr. Hayes’ counsel and moved for a continuance of the hearing on the motion to revoke probation. The continuance was granted and the matter was reset for November 7, 2005. Respondent was no longer involved as Mr. Hayes’ attorney after Ms. Vidrine enrolled.
 

 The ODC alleges that respondent failed to act with reasonable diligence and promptness in representing Mr. Hayes. On at least one occasion (the May 24, 2004 pre-trial conference), respondent failed to appear in court despite notice, as did his client, and a bench warrant was issued for his client’s arrest. This conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The ODC further alleges that Mr. Hayes was employed as a long-distance truck driver and was often out of state on business. Despite Mr. Hayes’ repeated calls to respondent’s office, respondent failed to properly communicate with his client regarding the status of the representation and failed to provide his client with sufficient information so that he could reasonably |4participate in decisions regarding his case, in violation of Rule 1.4 (failure to communicate with a client).
 

 Count 1(b)
 

 State v. Michael Hayes,
 
 Docket No. 59734, Sabine Parish
 

 In 2005, Mr. Hayes was charged in Sabine Parish with forgery and felony theft. Respondent enrolled as Mr. Hayes’ counsel of record. In February 2005, respondent was present with Mr. Hayes when he waived arraignment and entered a plea of not guilty to the criminal charges. The
 
 *252
 
 case was fixed for trial on June 13, 2005, with a pre-trial conference on May 23, 2005. Respondent and Mr. Hayes were instructed to return to court without further notice.
 

 In March 2005, respondent filed motions for preliminary examination, discovery, and inspection on behalf of Mr. Hayes, which were set for hearing on April 21, 2005. Respondent appeared in court on that date and moved to dismiss the motion for preliminary examination. He further informed the court that the motion for discovery and inspection had been satisfied.
 

 On the date of the pre-trial conference, May 23, 2005, neither respondent nor Mr. Hayes appeared in court, and the trial judge issued a bench warrant for Mr. Hayes’ arrest. Likewise, neither respondent nor Mr. Hayes appeared on the date of trial, June 13, 2005. On that date, the court ordered that a Judgment of Bond Forfeiture be issued.
 

 On October 13, 2005, attorney Ginger Vidrine filed a motion to enroll as Mr. Hayes’ counsel of record. The motion was granted and respondent was no longer involved as Mr. Hayes’ attorney after that date. Thereafter, Ms. Vidrine wrote to the trial judge to request that he recall the bench warrants issued in Mr. Hayes’ various Leases pending in Sabine Parish. On November 30, 2005, the trial court recalled the bench warrants, noting, “Defendant is in jail ...”
 

 The ODC alleges that respondent failed to act with reasonable diligence and promptness in representing Mr. Hayes. On at least one occasion (the May 23, 2005 pre-trial conference), respondent failed to appear in court despite notice, as did his client, and a bench warrant was issued for his client’s arrest. On another occasion (the June 13, 2005 trial date), respondent failed to appear in court despite notice, and a judgment of bond forfeiture was issued. This conduct violated Rules 1.3 and 8.4(d) of the Rules of Professional Conduct.
 

 Count 1(c)
 

 State v. Michael Hayes,
 
 Docket No. 228954, Caddo Parish
 

 Mr. Hayes was charged in Caddo Parish with first degree injuring public records. In June 2003, a motion to appoint counsel was filed by the District Attorney. On July 7, 2003, attorney Ron Miciotto was present and enrolled as counsel of record for Mr. Hayes. The case was set for arraignment on September 17, 2003 and later continued to October 2, 2003. On that date, Mr. Hayes appeared in court without counsel, waived arraignment, and entered a plea of not guilty to the criminal charge. The ease was then set for a pretrial hearing on January 15, 2004. On that date, Mr. Hayes was not present in court; however, respondent appeared and enrolled as Mr. Hayes’ counsel of record. Discovery responses were filed by the parties, and a hearing was set for March 16, 2004.
 

 On the date of the hearing, neither respondent nor Mr. Hayes appeared in court, and the trial judge issued a bench warrant for Mr. Hayes’ arrest. Bond was set at $30,000. On April 5, 2004, respondent appeared in court on behalf of Mr. Hayes. |f;The bench warrant was recalled and Mr. Hayes’ case was continued to May 18, 2004. The matter was apparently later continued to July 29, 2004.
 

 On that date, neither respondent nor Mr. Hayes appeared in court, and the case was continued to August 24, 2004. On the date of the hearing, neither respondent nor Mr. Hayes appeared in court, and the case was continued to October 25, 2004. On that date, attorney Ben Politz, standing in for respondent, appeared in court on
 
 *253
 
 behalf of Mr. Hayes. The case was then continued to December 9, 2004. On December 9, 2004, both Mr. Hayes and respondent appeared in court and the case was fixed for trial on March 14, 2005.
 

 On the date of trial, neither respondent nor Mr. Hayes appeared in court, and the trial judge issued a bench warrant for Mr. Hayes’ arrest. Bond was set at $35,000, and a bond forfeiture hearing was scheduled for May 6, 2005.
 

 On May 6, 2005, neither Mr. Hayes nor respondent appeared in court. The case was taken up on bond forfeiture, evidence adduced, and the matter was submitted. The court ordered Mr. Hayes’ bond forfeited, and a judgment of bond forfeiture was signed.
 

 The ODC alleges that respondent failed to act with reasonable diligence and promptness in representing Mr. Hayes. On as many as five separate occasions, respondent failed to appear in court, as did his client. On some occasions, bench warrants were issued, while on other occasions, the matter was continued. This conduct violated Rules 1.3 and 8.4(d) of the Rules of Professional Conduct.
 

 Count II
 

 In April 2007, the ODC sent respondent a letter requesting that he provide a written response regarding his handling of the Michael Hayes criminal matters. The 17deadline for the response was April 19, 2007, which at respondent’s request was subsequently extended to May 4, 2007. Respondent failed to provide the response, necessitating the issuance of a subpoena for his sworn statement on July 24, 2007. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled. Respondent did appear at a later date and agreed under oath that he would provide the ODC with the promised written response by August 31, 2007. Respondent failed to submit the response.
 

 The ODC alleges that respondent failed to cooperate in the investigation of this matter, in violation of Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
 

 DISCIPLINARY PROCEEDINGS
 

 In May 2008, the ODC filed two counts of formal charges against respondent, as set forth above. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After consideration of the ODC’s submission in response to the deemed admitted order, the hearing committee found that the factual allegations of the formal ^charges have been deemed admitted and proven by clear and convincing evidence. Respondent failed to act with reasonable diligence and promptness in representing Mr. Hayes in three different criminal proceedings. On several occasions, respondent failed to appear in court despite notice, as did his client. On three different occasions a bench warrant was issued for Mr. Hayes’ arrest and he spent time in jail because respondent failed to notify him of a court date. Based on these findings, the committee found that respondent violated Rules 1.3 and 8.4(d) of the Rules of Professional Conduct. The committee further
 
 *254
 
 found that respondent’s conduct caused actual harm to Mr. Hayes, who was jailed as a result of the lack of diligence on the part of respondent.
 

 In Count II, the committee found that respondent failed to cooperate in the ODC’s investigation of the complaint, a violation of Rule 8.1(c), by ignoring deadlines to respond to the complaint, failing to appear after having been subpoenaed to give his statement, and failing to fulfill promises made under oath to respond to requests for information. Respondent’s lack of diligence in his own matter is further evidenced by his failure to respond to the formal charges filed against him or to make any effort to do so after the deemed admitted order was entered.
 

 The committee determined that respondent violated duties owed to his client, the legal system, and the legal profession. He acted knowingly, if not intentionally, causing actual harm to his client, who had bench warrants issued for his arrest and whose multiple criminal matters were delayed or potentially delayed. Mr. Hayes was also forced to retain other counsel to conclude the criminal matters. Respondent also wasted the time and resources of the trial court by failing to attend multiple hearings and likewise wasted the time and resources of the disciplinary agency by failing to [^cooperate with the ODC in its investigation of this matter. The baseline sanction for respondent’s misconduct is suspension.
 

 The committee found the following aggravating factors apply: prior disciplinary offenses, a pattern of misconduct, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1986). The committee found there are no mitigating factors present.
 

 Under these circumstances, and considering the prior jurisprudence of this court involving misconduct similar to respondent’s, the committee recommended that respondent be suspended from the practice of law for two years. The committee acknowledged that a one-year suspension is generally appropriate in cases involving a single count of lack of diligence, failure to communicate, and failure to properly withdraw from the representation of a client.
 
 See In re: Trichel,
 
 00-1304 (La.9/1/00), 767 So.2d 694. However, the committee stated that a harsher sanction is warranted in this case, given respondent’s prior disciplinary history for similar misconduct. Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 A panel of the disciplinary board heard oral argument in this matter on January 29, 2009. Days before oral argument, on January 22, 2009, respondent filed a Motion for Remand, requesting that the board remand this case to the hearing committee “for a compilation of a full and complete record concerning the underlying Hayes case and the failure to cooperate charges.... ” The ODC opposed respondent’s motion, asserting that he had received every pleading filed in the course of the proceeding and nevertheless had failed to participate. Thus, the ODC argued that respondent failed |10to demonstrate good cause why the case should be remanded. The board denied the motion for remand but allowed respondent fifteen days to submit a memorandum in mitigation.
 

 In response to the board’s order, respondent submitted the following mitigating evidence: (1) his own affidavit, in which he stated that (a) he did not have a dishonest or selfish motive in handling Mr. Hayes’ cases, (b) he has good character and a reputation for diligently prosecuting his clients’ legal matters, (c) he has a long history of pro bono legal service, (d) there
 
 *255
 
 have been no other complaints of this type against him since the Hayes matter, (e) he has changed the way he notifies clients of court dates, (f) he will work diligently to ensure that an incident of this type will not recur, and will accept a period of supervised probation, and (g) he regrets any hardship this matter has caused Mr. Hayes, the ODC and the system of justice as a whole; and (2) the affidavits of eight personal and professional acquaintances who generally attested to respondent’s good character and to his work in the Natchitoches area.
 
 [1]
 

 After review of the entire record, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also determined that the committee correctly concluded respondent violated Rules 1.3,1.4, 8.1(c), 8.4(a), and 8.4(d) of the Rules of Professional Conduct as charged.
 
 [2]
 

 lnThe board determined that respondent violated duties owed to his client, the legal system, and the legal profession. He acted knowingly, if not intentionally, causing actual harm to his client. Considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the baseline sanction for respondent’s misconduct is suspension.
 

 The board found the following aggravating factors apply: prior disciplinary offenses, a pattern of misconduct, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. Based upon the evidence submitted by respondent in mitigation, the board found the mitigating factor of good character or reputation is present.
 

 Turning to the issue of an appropriate sanction, the board considered the court’s prior jurisprudence involving similar misconduct, and observed that sanctions ranging from lengthy suspensions to disbarment have been imposed in cases involving multiple instances of neglect and failure to communicate, aggravated by a prior disciplinary history and failure to cooperate in the disciplinary process. In light of these cases, the board determined that a lengthy suspension is appropriate for respondent’s misconduct, and recommended that respondent be suspended from the practice of law for three years, with one year deferred.
 

 Respondent filed an objection to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
 

 I 1 ¿DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine
 
 *256
 
 whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 Prior to discussing the merits, we first address the argument made by respondent in brief and argument to this court that the disciplinary board erred in denying his motion to remand this matter for an evidentiary hearing. We have generally given a very liberal interpretation to the provisions for setting aside deemed admitted orders, especially when there is evidence that the respondent-attorney has made a good faith effort to present a response.
 
 See, e.g., In re: Gardner,
 
 98-1476 (La.10/9/98), 719 So.2d 400;
 
 In re: Tosh,
 
 98-2152 (La.10/9/98), 719 So.2d 396. Nonetheless, deemed admitted orders have not been set aside in cases where the failure to respond timely is attributable to the respondent-attorney’s own actions or inactions.
 
 See, e.g., In re: Morphis,
 
 01-2803 (La.12/4/02), 831 So.2d 934.
 

 In the instant case, the record reflects that respondent received service of the formal charges as well as every pleading and notice in the case. However, he purposefully chose to ignore the disciplinary proceeding and simply waited until the eleventh hour to ask the board to remand the matter for a hearing. That was respondent’s choice, and we will not relieve him of the consequences of it.
 

 Turning to the merits, Supreme Court Rule XIX, § 11(E)(3) provides that in cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have |T!ibeen deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts indicate that respondent neglected his client’s legal matters, failed to communicate with his client, and failed to cooperate with the ODC in its investigation. This conduct violated the Rules of Professional Conduct as charged in the formal charges.
 

 Respondent acted knowingly, if not intentionally, causing actual harm to his client, who had bench warrants issued for his arrest and whose multiple criminal matters were delayed or potentially delayed. The baseline sanction for respondent’s misconduct is suspension.
 

 The following aggravating factors apply: prior disciplinary offenses, a pattern of misconduct, and substantial experience in the practice of law (admitted 1986). The mitigating factors present are absence of a dishonest or selfish motive, good character or reputation, and remorse.
 

 The hearing committee suggested that were it not for his extensive prior disciplinary record, respondent’s misconduct would likely have warranted a sanction in the range of a one-year suspension. The disciplinary board cited cases in which this court has imposed a more substantial period of suspension. Nevertheless, both the committee and the board increased the discipline they would have otherwise recommended because respondent has previously been sanctioned for misconduct similar to that at issue in this ease.
 

 
 *257
 
 114We likewise find it disturbing that respondent has failed to correct his behavior despite the numerous opportunities he has been given to do so. As previously discussed, since 1995, respondent has been admonished by the disciplinary board, suspended by this court for an actual period of six months, and publicly reprimanded by this court, all without apparent effect. Instead of learning from his prior discipline, respondent has continued to engage in the same behavior, causing harm to yet another client.
 

 These factors warrant imposition of a significant suspension. However, we are also mindful that mitigating factors exist in this case, the most important of which is respondent’s lack of a dishonest or selfish motive. Considering the totality of the circumstances, we conclude the appropriate discipline in this case is a three-year suspension from the practice of law with all but one year and one day deferred, thereby necessitating an application for reinstatement.
 
 [3]
 
 Hopefully, this sanction will impress upon respondent the importance of his obligation to scrupulously conform his conduct to the Rules of Professional Conduct.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Charles R. Whitehead, III, Louisiana Bar Roll number 17862, be and he hereby is suspended from the practice of law for a period of three years. It is further ordered that all but one year and one day of the suspension shall be deferred. |15A11 costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . One of the affidavits, executed by Don Burk-ett and Anna Garcie, the District Attorney and an Assistant District Attorney for the 11th Judicial District, respectively, specifically comments upon the factual allegations of the formal charges, and offers the affiants' opinion of the credibility of respondent’s client. This portion of the affidavit is beyond the scope of the board’s order permitting respondent to supplement the record with appropriate mitigating evidence.
 

 [2]
 

 . Although the committee did not make a specific finding that Rule 1.4 was violated, the board noted the committee appeared to find a violation of this rule in another part of its report. Specifically, in making its determination that respondent violated a duty owed to his client, the committee found that he failed to properly communicate with Michael Hayes about the status of his respective cases or the means by which his objectives were to be met.
 

 [3]
 

 . Because the active portion of respondent's suspension exceeds one year and will therefore require a formal application for reinstatement under Supreme Court Rule XIX, § 24, we will not impose any condition whereby the deferred portion of the suspension would become executory in the event of future misconduct by respondent. If and when respondent applies for reinstatement, the board may consider recommending appropriate conditions for reinstatement, including conditions for the triggering of the deferred portion of the suspension.
 
 See In re: Hansen,
 
 04-1988 (La. 11/19/04), 888 So.2d 172.