frPER CURIAM. *
Respondent, Joseph J. Tosh, seeks review of the hearing committee’s denial of his motion to set aside the order deeming the *397 charges against him admitted based on his failure to submit a timely answer.
On April 20, 1998, Charles Plattsmier, Chief Disciplinary Counsel for the Office of Disciplinary Counsel (“ODC”), granted the respondent a two day extension of time, until April 22, 1998, within which to file an answer to the formal charges since respondent initially failed to file his answer timely. The following day, respondent, through counsel, mailed his answer to the correct physical address in Metairie, Louisiana; however, it was directed personally to Mr. Plattsmier, rather than to the board administrator in accordance with Supreme Court Rule XIX, § 11(E)(3).[1] While the certified mail receipt indicates the answer was timely received on April 22, 1998, the Metairie office forwarded the matter to Mr. Plattsmier at his Baton Rouge, Louisiana office, where it was received on Friday, May 1, 1998. Mr. Platts-mier apparently reviewed the answer for the first time on Sunday, May 3, 1998 and, on May 7, 1998, he forwarded it back to the board administrator in Metairie for filing in the record.
Meanwhile, on April 29, 1998, the ODC had filed a second motion to deem the factual allegations admitted, which had been granted by the hearing committee chair. On May 18, 1998, respondent, through counsel, filed a timely motion seeking to vacate the deemed admitted order alleging that “through a misunderstanding,” the deadline for filing an answer to the formal charges had passed. The hearing committee denied the motion to vacate, and the disciplinary board denied the respondent’s appeal.
[jBased on our review of the facts, it appears respondent made a good faith effort to file his formal answer within the delays, as extended by the ODC. Respondent’s answer was sent to the ODC within the two day extension, and would have been filed into the record timely, but for the fact that it was forwarded to the Baton Rouge office. Under these circumstances, the answer should be considered timely. Moreover, even assuming respondent’s answer was untimely, the hearing committee should still make every effort to allow an attorney facing formal charges to participate and present evidence in the formal hearing, especially when the attorney makes a good faith effort to present a response, and where such participation will not unduly delay the proceedings. The hearing committee should give a liberal construction to the rules and remain mindful of not elevating procedural restrictions over substantive rights. See Supreme Court Rule XIX, § 18(B); La.Code Civ. P. art. 5051.[2]
Accordingly, respondent’s application is granted. The order of the hearing committee deeming the charges admitted is vacated and set aside, and the matter is remanded to the hearing committee for formal hearing, at which time respondent should be allowed to participate and present evidence.

 Knoll, J. not on panel. Rule IV, Part 2, § 3.

. The Office of Disciplinary Counsel has an office at the same Metairie, Louisiana location as the Louisiana Disciplinary Board.

. Supreme Court Rule XIX, § 18(B) provides that except as otherwise provided, the Louisiana Code of Civil Procedure applies in disciplinary cases. La.Code Civ. P. arl. 5051 provides:
The articles of this Code are to be construed liberally, and with due regard for the fact the rules of procedure implement the substantive law and are not an end in themselves.