ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Winthrop G. Gardner, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.4 (communication with clients), 1.5(c) (failing to obtain written contingency fee agreement), 1.8 (exploiting representation of client), 1.15(b)(c), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (committing a criminal act), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
UNDERLYING FACTS
In April, 1995, the ODC received a complaint from Thomas and Ginger Boutwell relating to respondent’s use of an American Express corporate card issued on the Bout-wells’ account. The ODC forwarded the complaint to respondent. On June 28, 1995, respondent filed a lengthy response, indicating he had used the credit card with the *401 Boutwells’ permission as part of a fee arrangement with the Boutwells.
On January 14,1997, the ODC filed formal charges against respondent. The formal charges alleged respondent made approximately 524 personal charges on the card, totalling $38,095.64, and failed to make timely reimbursement for at least $21,399.55 in personal charges. The charges were sent to respondent on January 21, 1991, at his office address, as listed on his attorney registration statement.
On February 18, 1997, the ODC filed a motion to declare the factual allegations “deemed admitted” pursuant to Supreme Court Rule XIX, § 11E(3), on the ground that no timely answer was filed. The hearing committee chair issued an order on February 25, 1997 deeming ¡Jhe charges admitted and giving respondent twenty days from the date of the order “to demonstrate why the imposition of this order would be improper or would result in a miscarriage of justice....” On March 24, 1997, respondent filed a “Motion to Vacate Order.” In support, he contended he was never served with the formal charges. He also pointed out he had provided a “detailed response” to the complaint in 1995, and had no further contact with the ODC after that date. Finally, he asserted that the factual allegations in the complaint were false.
On April 23, 1997, the hearing committee chair denied the motion, and ordered that the parties be given until May 16, 1997, “to file written arguments and documentary evidence on the issue of sanctions .” The ODC then filed documentary evidence in the form of the complainant’s letter of April 5, 1995, documentation by the complainant, a certified public accountant’s report and copies of respondent’s prior discipline. Respondent did not make a filing.
On January 20, 1998, the hearing committee filed its findings and recommendation with the disciplinary board. The committee concluded that the balance of the charges on the credit card were for respondent’s personal benefit and were not for litigation expenses. After weighing the aggravating and mitigating factors, the hearing committee recommended respondent be suspended from the practice of law for a period of three years, with full and complete restitution as a condition of readmission.
On June 2, 1998, the disciplinary board filed its recommendation with this court, After finding no merit to respondent’s procedural objections,[1] the disciplinary board adopted the recommendation of the hearing committee that a three year suspension be imposed upon respondent. As a condition of reinstatement, it recommended that respondent make restitution to the Boutwells in the amount determined by the hearing committee, or, in the event of litigation ¡^between the parties, in an amount determined by a court of final jurisdiction. One board member concurred, noting that, but for the client’s action in providing the credit card and knowing respondent would use the card for personal purposes, he would have voted for disbarment.
Respondent filed an objection in this court to the disciplinary board’s recommendation. Accordingly, pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the matter was set for oral argument.
*402 DISCUSSION
Pretermitting the merits, we find the hearing committee chair erred when he denied respondent’s motion to vacate the “deemed admitted” order. While Supreme Court Rule XIX, § HE (3) does provide a method of deeming charges admitted when the respondent fails to answer, the hearing committee should indulge every presumption in favor of an attorney who indicates he wishes to respond and participate in the formal hearing, even though the delays to answer have expired.
In the instant matter, respondent filed a detailed response to the initial complaint, indicating a willingness to cooperate on his part. Although he did not file a timely answer, he did respond to the committee’s “deemed admitted” order, asserting he did not receive notice of the formal charges. At this point, allowing respondent to file an answer and participate in the formal hearing would not have delayed the proceedings. Accordingly, we conclude the hearing committee chair should have vacated the “deemed admitted” order and given respondent an opportunity to file an answer and present evidence.
DECREE
For the reasons assigned, the recommendations of the hearing committee and disciplinary board are vacated and set aside. The matter is remanded to the hearing committee for a formal hearing, at which time respondent should be allowed to participate and present relevant evidence. At the conclusion of the hearing, the committee should make a new recommendation to the disciplinary board, which in turn shall file a new recommendation with this court.

Marcus, J. not on panel. Rule IV, Part 2, § 3.

. In its recommendation, the board noted that on March 25, 1998, the day prior to the board's hearing, respondent faxed a "Petition to Annul Judgement” to the board. In his petition, he argued he was not properly served with the formal charges because he was not served personally, although he acknowledged the return receipt for the charges was signed by someone who worked in the building where his office is located. Additionally, respondent argued there was “concealment of evidence” by the committee, since it did not recognize that he paid an additional $7,544.62 to American Express on behalf of the Boutwells. In support, respondent produced a copy of the front of a cashier's check payable to American Express. Finally, respondent asserted the Boutwells had been the subject of a federal criminal conviction.
The disciplinary board found no merit to respondent's argument that he was not properly served, noting the service was in compliance with the requirement in the rules that the respondent be served personally or via certified mail at the address “shown in the current information roster filed by Respondent.” As to the concealment of evidence allegation, the board found respondent had an opportunity to present this evidence to the hearing committee, but chose not to do so.