ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
The Office of Disciplinary Counsel (“ODC”) filed two sets of formal charges against respondent, JoAnn Gines. The charges involved allegations that respondent charged an excessive fee and neglected client matters. Respondent did not file an answer to either set of charges, and the charges were deemed admitted. Subsequently, the disciplinary board consolidated the two sets of formal charges and recommended respondent be disbarred.
Respondent made her first formal appearance in the proceedings by filing an objection in this court. In her brief and at oral argument, respondent asserted that her failure to participate in the disciplinary process was unintentional and stemmed from her lack of capacity to respond to the allegations of misconduct. Specifically, respondent maintained that she suffered from depression and/or some other mental problem, which required that she be hospitalized for an extended period of time at a psychiatric facility. Respondent indicated that she wished to have an opportunity to present a defense to the substantive charges against her.
This court requested that respondent provide evidence supporting her allega *1123 tions of incapacity. Subsequently, she submitted such evidence to this court.
Having reviewed the evidence, we conclude there is support for respondent’s position that she was unable to meaningfully participate in the disciplinary proceedings. Under these unique circumstances, where the respondent’s failure to participate was not intentional and was beyond her control, we believe it would be 1 ¡.unfair to prevent respondent from presenting evidence on the merits at a formal hearing. See, e.g., In re: Gardner, 98-1476 (La.10/9/98), 719 So.2d 400; In re: Tosh, 98-2152 (La.10/9/98), 719 So.2d 396.[1]
Accordingly, the orders of the hearing committee deeming the formal charges admitted are vacated. The charges (which have now been consolidated) are remanded to the appropriate hearing committee for formal hearing, at which time respondent should be allowed to participate and present evidence. The committee shall then make recommendations to the disciplinary board, which shall then submit a new recommendation to this court.

. In both Gardner and Tosh, we held that even if an attorney filed an untimely answer, the hearing committee should accept that answer and allow the attorney to participate in the hearing if the participation does not unduly delay the proceedings. We recognize that respondent's "answer” in this case was not filed until after the matter proceeded through the hearing committee and disciplinary board, and would therefore tend to delay the proceedings. However, in cases such as this one, where the delay is outside the attorney's control, we believe additional latitude is appropriate.