*746 ATTORNEY DISCIPLINARY PROCEEDINGS.
11PER CURIAM.
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Patrick N. Dooley, an attorney licensed to practice law in the State of Louisiana. The charges against respondent are based on allegations that respondent failed to properly withdraw from the representation of a client in a personal injury case and neglected to pay an outstanding medical bill. When respondent neglected to file an answer, the charges were deemed admitted pursuant to Supreme Court Rule XIX, § 11(E)(3). The hearing committee and disciplinary board recommended that respondent be suspended from the practice of law for a period of one year and one day.
Although neither party filed an objection to the disciplinary board’s recommendation, we ordered additional briefing. In his brief, respondent asserted that he suffered from severe clinical depression, triggered by the death of several family members, which resulted in the end of his marriage and his inability to work. Respondent stated he had advised the ODC on more than one occasion of his medical problems and asserted his failure to participate in the proceedings stemmed from “paralyzing depression.” He subsequently provided this court with medical records indicating he suffered from depression and other mental health concerns during the general time frame at issue.
Having reviewed the evidence, we conclude there is support for respondent’s position that he was unable to meaningfully participate in the disciplinary | ¡.proceedings. In cases where the respondent’s failure to answer disciplinary proceedings was due to causes beyond his or her control, this court has held application of the “deemed admitted” rule of Supreme Court Rule XIX, § 11(E)(3) may be unduly harsh. See, e.g., In re: Gines, 01-2844 (La.4/19/02), 817 So.2d 1122; In re: Gardner, 98-1476 (La.10/9/98), 719 So.2d 400; In re: Tosh, 98-2152 (La.10/9/98), 719 So.2d 396. Following the reasoning of these decisions, we now set aside the order of the hearing committee deeming the charges against respondent admitted, and remand the case to the hearing committee for a new hearing.
DECREE
For the reasons assigned, the order of the hearing committee deeming the formal charges admitted under Supreme Court Rule XIX, § 11(E)(3) is vacated. The case is remanded to the appropriate hearing committee for a new hearing, at which time respondent should be allowed to participate and present evidence. The committee shall then make a recommendation to the disciplinary board, which shall then submit a new recommendation to this court.