*779 ATTORNEY DISCIPLINARY PROCEEDINGS
.PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, JoAnn Gines, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
The ODC filed two sets of formal charges against respondent. The first, consisting of one count and bearing the disciplinary board’s docket number 99-DB-095, was filed on September 27, 1999 and supplemented and amended on June 14, 2002. The second set of formal charges, bearing the disciplinary board’s docket number 00-DB-044, was filed on March 3, 2000 and encompasses three counts of misconduct. ■

99-DB-095

The Ferguson Matter

In July 1997, Martha Ferguson retained respondent to review and notarize documents relating to Ms. Ferguson’s sale of an annuity to the J.G. Wentworth S.S.C. Limited Partnership (“Wentworth”). Respondent performed the services and charged Ms. Ferguson a fee of 20% of the sales price, amounting to approximately $4,000. Ms. Ferguson was dissatisfied with the fee retained by respondent, but 1 ^respondent declined to refund any portion of the fee, contending that it was fully earned. Furthermore, in connection with the sale, respondent instructed Went-worth’s representatives to wire transfer the sales proceeds to a specified bank account maintained by respondent at Hibernia National Bank. The wire transfer was accomplished pursuant to respondent’s instructions, and she later disbursed funds to Ms. Ferguson from that account. However, the Hibernia account contained respondent’s personal funds and was not a client trust account.
The ODC alleged that respondent’s conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.5 (fee arrangements), 1.15(a) (failure to hold client property separate from the lawyer’s own property), and 1.15(c) (failure to deposit disputed funds in trust).

00-DB-0M

Count I — The Pipkins Matter
In July 1998, Joan Pipkins, a resident of South Carolina, paid respondent $1,146.01 to handle the succession of her late mother, a Shreveport resident. Ms. Pipkins *780 gave respondent her mother’s will and other original documents. Respondent prepared some pleadings in the succession matter, but she did not file them, nor did she complete the matter. Ms. Pipkins made numerous attempts to communicate with respondent for over one year, but to no avail. Respondent also failed to cooperate with the ODC in its investigation of the complaint filed by Ms. Pipkins.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a | ¡¡client), 1.5,1.15 (safekeeping property of clients or third persons), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Count II — The Edwards Matter
In August 1996, Calvin Edwards retained respondent to handle a medical malpractice matter against a Shreveport hospital. At the time of the retention, the hospital had an outstanding settlement offer to Mr. Edwards in the amount of $60,000.00. On September 3,1996, counsel for the hospital wrote to respondent increasing its settlement offer to $62,500.00. Respondent took no action in response to the settlement offer, nor did she file suit on behalf of Mr. Edwards or otherwise protect his interests before his malpractice claim prescribed.
When Mr. Edwards attempted to contact respondent in 1998 to inquire about his malpractice claim, respondent failed to return his telephone calls. Thereafter, when Mr. Edwards was finally able to speak with respondent, she falsely represented the status of the matter, asserting that prescription had been interrupted and that the case was pending before a medical review panel.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.8 (conflict of interest/prohibited transactions between a client and a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Count III — The McClave Matter
In January 1999, Alice McClave paid respondent $500 to handle a sexual harassment and employment discrimination claim. While respondent forwarded a letter |4to Ms. McClave’s employer concerning the matter, she failed to take any further action. Ms. McClave made numerous attempts to contact respondent, but to no avail. When respondent finally spoke to her client, the statute of limitations had run on the claim. Notwithstanding, respondent demanded an additional fee to take further measures in the matter. Respondent also failed to cooperate with the ODC in its investigation of the complaint filed by Ms. McClave.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3,1.4,1.5, 8.1(c), and 8.4(c).
DISCIPLINARY PROCEEDINGS
Respondent initially did not file an answer to either set of formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence. The disciplinary board consolidated the two sets of formal charges and recommended respondent be disbarred.
Respondent then made her first formal appearance in the proceedings by filing an objection in this court to the disciplinary board’s recommendation. In her brief and at oral argument, respondent asserted that her failure to participate in the disciplinary process was unintentional and stemmed *781 from her incapacity to respond to the charges of misconduct.[1] After reviewing the evidence presented by respondent in support of her allegations, we agreed that she was unable to meaningfully participate in the disciplinary proceedings. Accordingly, we vacated the orders of the hearing committee deeming the formal charges admitted, and we remanded the matter for a formal hearing before a hearing committee. In re: Gines, 01-2844 (La.4/19/02), 817 So.2d 1122.
| .^Following remand, respondent answered the formal charges and denied any misconduct in connection with her handling of the ehent matters at issue. The matter then proceeded to a formal hearing on the merits, which was conducted by the hearing committee on August 1, 2002. Despite notice, respondent did not appear at the hearing.

Hearing Committee Recommendation

After reviewing the evidence presented at the hearing, the hearing committee made the following factual findings and legal conclusions:
In 99-DB-095, the Ferguson matter, the committee found that respondent’s work on her client’s behalf consisted of reviewing some sixty pages of documents, with which she was already familiar, advising Ms. Ferguson, and notarizing her signature on several of the documents. This was an uncomplicated legal matter, and the work was performed in one day. There was no written retainer or contingency fee agreement between respondent and Ms. Ferguson, but respondent had previously performed similar legal services for Ms. Ferguson and had charged her a $500 fee. Nevertheless, after, respondent received the proceeds of the annuity sale from Wentworth, she deducted 20% or $3,995.00 as her fee . and delivered the remainder, $16,000.00, to Ms. Ferguson. Ms. Ferguson testified that until she received the $16,000.00 check, she was unaware that respondent intended to charge her 20%.to handle the sales transaction. The committee concluded that by her conduct in this matter, respondent charged an excessive fee in violation of Rule 1.5 of the Rules of Professional Conduct. Furthermore, after a dispute arose as to the fees, respondent |fifailed to deposit the disputed amount in trust until the dispute was resolved, in violation of Rule 1.15(c).[2]
In Count I of 00-DB-044, the Pipkins matter, the committee found that respondent was paid $1,146.01 to handle a succession matter. Respondent failed to communicate with Ms. Pipkin, did little or no work in the succession matter, and did not account to her client for the legal fee she was paid. The committee concluded that by her conduct in this matter, respondent violated Rules 1.3,1.4, and 1.5.
In Count II of 00-DB-044, the Edwards matter, the committee found that in August 1996, Calvin Edwards retained respondent to handle a medical malpractice claim against a Shreveport hospital stemming from an injury that occurred in January 1996. ■ Respondent received the file from Mr. Edwards’ prior attorney well in advance of the prescriptive date, yet she failed to communicate with her client or to file suit or any claim with the medical review panel to protect her client’s inter *782 est. Rather, respondent allowed Mr. Edwards’ claim to prescribe, and then she deceived him as to the status of the case by falsely representing that she had filed a claim. The committee concluded that by her conduct in this matter, respondent violated Rules 1.3,1.4, 8.4(c), and 8.4(d).
Finally, in Count III of 00-DB-044, the McClave matter, the committee found that in January 1999, Alice McClave hired respondent to pursue a sexual harassment and discrimination claim against her employer. On January 22, 1999, Ms. McClave paid respondent $500.00 for her services. On February 12, 1999, respondent wrote a letter to the employer stating that she would file an EEOC claim within 10 days if she received no response. Ms. McClave repeatedly sought to contact respondent |7regarding her claim but never received a response. Respondent failed to account for the fee received or to refund the unearned portion of the same. An EEOC claim was never timely filed by respondent on behalf of Alice McClave. The committee concluded that by her conduct in this matter, respondent violated Rules 1.3,1.4, and 1.5.
The committee noted that respondent has demonstrated a consistent pattern of disregard for her obligations under the Rules of Professional Conduct,[3] and that despite her earlier assertions of incapacity, she presented no evidence at the hearing on remand to substantiate her claims. The committee further found that respondent’s conduct was intentional in part, knowing in part, and negligent in part. Considering these facts, and in light of respondent’s failure to make restitution to her former clients, the committee recommended that respondent be disbarred.
On February 20, 2003, five months after the hearing committee issued its recommendation, respondent filed a pleading with the disciplinary board in which she asserted that she is unable to participate in these proceedings due to depression. Respondent also objected to the sanction recommended by the hearing committee.

Disciplinary Board Recommendation

The disciplinary board found the hearing committee’s findings of fact are not manifestly erroneous, and that its application of the Rules of Professional Conduct was proper, with the exception of the committee’s failure to find that respondent did not cooperate with the ODC’s investigation in the Pipkins and McClave matters (Counts I and III, respectively, of 00-DB-044). In both of those matters, respondent’s | «initial failure to cooperate caused the ODC to have to take depositions and/or sworn statements. Accordingly, in addition to the rule violations found by the committee, the board concluded that respondent violated Rule 8.1(c) of the Rules of Professional Conduct.
The board determined respondent violated duties owed to her clients and to the profession. The board further determined that respondent’s conduct was knowing, if not intentional, and caused actual harm to her clients. The baseline sanction for this conduct ranges from suspension to disbarment.
The board found the following aggravating factors are present: prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders of the disciplinary *783 agency, vulnerability of the victim, substantial experience in the practice of law (admitted 1984), and indifference to making restitution. The board also found that respondent suffers from depression and that the mitigating factor of personal or emotional problems is present.
In light of these considerations, the ABA’s Standards for Imposing Lauryer Sanctions, and the prior jurisprudence, the board concluded that disbarment is the appropriate sanction. The board also recommended respondent be ordered to make restitution to her clients, and that she be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
^DISCUSSION
Respondent’s misconduct includes a pattern of neglect of legal matters, failure to communicate with clients, and failure to account for her fees. Respondent has demonstrated a serious lack of concern for the welfare of her clients. Additionally, respondent has charged a clearly excessive legal fee and has failed to cooperate with the disciplinary authorities. The baseline sanction for such misconduct ranges from a lengthy suspension to disbarment.
Numerous aggravating factors are present, including respondent’s prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. While some mitigating factors are apparent from the record, those factors pale m comparison to the applicable aggravating factors.
The record demonstrates in a convincing fashion that respondent lacks concern for the welfare of her clients and shows a total disregard for her professional obligations. She lacks the fitness to practice law in this state. Under these circumstances, she must be disbarred.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of JoAnn Gines, Louisiana Bar Roll number 8399, be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. It is further ordered that respondent render a full accounting to Martha Ferguson, Joan Pip-kins, and Alice McClave and that she refund any unearned fees due those clients. All costs and | inexpenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent maintained that she suffered from depression and/or some other mental problem, which required that she be hospitalized for an extended period of time at a psychiatric facility.

. Though the ODC did not raise the issue in this court, we observe that neither the hearing committee nor the disciplinary board made a finding as to the commingling allegations set forth in the ODC’s supplemental and amended formal charges.

. In 1989, respondent was publicly reprimanded by the Committee on Professional Responsibility of the Louisiana State Bar Association for improperly soliciting a client. In 1994, respondent was admonished by the disciplinary board in 94-ADB-033 for failing to cooperate with the ODC in a disciplinary investigation.