11ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
The Office of Disciplinary Counsel (“ODC”) filed one count of formal charges against respondent, Willard James Brown, Sr., alleging that he neglected a client’s post-conviction relief matter and failed to communicate with his client. Respondent did not file an answer to the charges, and consequently, the ODC filed a motion requesting that the factual allegations of the formal charges be deemed admitted and proven by clear and convincing evidence. In response, respondent mailed a letter to the ODC in which he explained that he did not believe an answer to the formal charges was required because the matter had been previously resolved by consent discipline in the form of a public reprimand. Respondent also contested some of the factual allegations in the formal charges. The record is not clear as to whether the ODC responded to this letter, but it is undisputed that the ODC made no attempt to withdraw its motion to deem the charges admitted.
Subsequently, after the charges were deemed admitted by the hearing committee and the ODC filed its written arguments and documentary evidence on the issue of sanctions, respondent again attempted to raise the issue by filing a pleading captioned “Respondent’s Objection to Disciplinary Counsel’s Deemed Admitted Submission on Sanctions.” In that pleading, respondent reiterated that he believed no answer was required because the matter had been resolved by consent, and he again contested some of the deemed admitted factual allegations of the formal | ¡..charges. There is no indication from the record that the hearing committee considered or ruled upon respondent’s pleading. Ultimately, both the hearing committee and the disciplinary board accepted the sanction which had been recommended by the ODC — a six-month suspension with all but three months deferred, followed by a period of probation with conditions. Respondent filed an objection to the board’s recommendation in this court.
Our prior jurisprudence reveals that we have given a very liberal interpretation to the deemed admitted provisions, consistently holding that the deemed admitted rule should not be used to prevent a law *1243 yer who wishes to present a defense to the formal charges from doing so. For example, in In re: Tosh, 98-2152 (La.l 0/9/98), 719 So.2d 396, we found that when a lawyer made a good faith effort to file his answer timely, the committee should allow him to participate and present evidence:
Based on our review of the facts, it appears respondent made a good faith effort to fíle his formal answer within the delays, as extended by the ODC. Respondent’s answer was sent to the ODC within the two day extension, and would have been filed into the record timely, but for the fact that it was forwarded to the Baton Rouge office. Under these circumstances, the answer should be considered timely. Moreover, even assuming respondent’s answer was untimely, the hearing committee should still make every effort to allow an attorney facing formal charges to participate and present evidence in the formal hearing, especially when the attorney makes a good faith effort to present a response, and. where such participation will not unduly delay the proceedings. The hearing committee should give a liberal construction to the rules and remain mindful of not elevating procedural restrictions over substantive rights. See Supreme Court Rule XIX, § 18(B); La. Code Civ. P. art. 5051.
Similarly, in In re: Gardner, 98-1476 (La.10/9/98), 719 So.2d 400, the lawyer filed a “Motion to Vacate Order” approximately one month after the committee granted the ODC’s motion to deem the formal charges admitted. In support, he | ¡¡contended he was never served with the formal charges. He also pointed out that he had provided a “detailed response” to the complaint in 1995, and had no further contact with the ODC after that date. Finally, he asserted that the factual allegations in the complaint were false. The committee denied the motion to set aside the deemed admitted charges. We found the committee was in error when it denied this motion:
Pretermitang the merits, we find the hearing committee chair erred when he denied respondent’s motion to vacate the “deemed admitted” order. While Supreme Court Rule XIX, § 11E(3) does provide a method of deeming charges admitted when the respondent fails to answer, the hearing committee should indulge every presumption in favor of an attorney who indicates he wishes to respond and participate in the formal hearing, even though the delays to answer have expired.
In the instant matter, respondent filed a detailed response to the initial complaint, indicating a willingness to cooperate on his part. Although he did not file a timely answer, he did respond to the committee’s “deemed admitted” order, asserting he did not receive notice of the formal charges. At this point, allowing respondent to file an answer and participate in the formal hearing would not have delayed the proceedings. Accordingly, we conclude the hearing committee chair should have vacated the “deemed admitted” order and given respondent an opportunity to file an answer and present evidence.
The procedural facts of the instant case are strikingly similar to Gardner. Like the lawyer in Gardner, respondent did not file an answer to the formal charges, but he did submit a response to the ODC indicating his belief that the charges against him had been resolved by consent. After the deemed admitted order was entered, respondent filed an objection in the hearing committee, again asserting his good faith belief that he was not required to answer due to the consent agreement. Under these circumstances, we find the committee should have recalled the deemed admitted order and allowed re *1244 spondent the benefit of a full hearing. The impact of the committee’s |4error is particularly glaring in this case, because the sole basis for the Rule 1.4 violation is the allegation in the formal charges that respondent did not communicate with his client. Respondent has consistently disputed that assertion, pointing out that he did communicate with his client by sending him a copy of the application for post-conviction relief. Respondent also explains his subsequent failure to contact his client was because he was waiting to hear from the trial court. If the committee heard this evidence and accepted respondent’s explanation, it might well have rejected the Rule 1.4 charge, which in all likelihood would have resulted in the imposition of a lesser sanction.
Accordingly, we hereby vacate the order of the hearing committee which deemed admitted the factual allegations of the formal charges. The formal charges are remanded to the hearing committee for formal hearing, at which time respondent should be allowed to participate and present evidence. The committee shall file its report with the disciplinary board, which shall in turn submit a new recommendation of discipline to this court.[1]
DECREE
For the reasons assigned, the deemed admitted order is vacated and the formal charges are remanded to the hearing committee for further proceedings.

. Our order remanding this matter for a hearing on the formal charges is not intended to foreclose the parties from entering into consent discipline, if appropriate.