*140
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Harry J. Boyer, Jr., an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.
 
 In re: Boyer,
 
 09-1735 (La.7/29/09), 13 So.3d 1126.
 

 FORMAL CHARGES
 

 Count■ I
 

 In April 2005, Thomas Kronenberger retained respondent to represent his brother-in-law, Kenneth Helmstetter, in a criminal matter. On May 4, 2005, Mr. Kronenberger paid respondent $2,500 of a $5,000 flat fee, which payment respondent’s contract improperly characterized as non-refundable. On May 13, 2005, respondent was discharged from the representation of Mr. Helmstetter. Respondent improperly attempted to account for the flat fee on an hourly basis even though no hourly fee basis was agreed upon, and the advanced funds were not handled as an advanced hourly fee. Respondent failed to properly account for the earned portion, and failed to refund the unearned portion, of the fee paid by Mr. Kronenber-ger. Respondent also failed to place the disputed portion of the advanced fee into a trust |2account and failed to suggest a means for prompt resolution of the fee dispute such as mediation or arbitration.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f) (payment of fees in advance of services), 1.15(e) (when in the course of representation a lawyer is in possession of property in which two or more persons claim interests, the property shall be kept separate until the dispute is resolved), 1.16(d) (obligations upon termination of the representation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Count II
 

 In December 2003, Raynell Rankin retained respondent to represent her in a criminal case. Respondent was paid an advanced flat fee of $500 for the representation. Respondent appeared in court with Ms. Rankin through June 16, 2005, but thereafter, he abandoned his client and failed to communicate with her. Respondent also failed to account for the advanced fee.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f), and 1.16(d).
 

 Count III
 

 In May 2005, Melissa Meyers and Betty Meyers retained respondent to handle the appeal of Kim Meyers’ criminal conviction.
 
 *141
 
 Respondent was paid an advanced flat fee of $500 for the representation; however, he did not file an appeal and failed |sto communicate with his client. Respondent also failed to account for the advanced fee, and failed to refund the unearned fee.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3,1.4,1.5(f), 1.16(d), and 8.4(c).
 

 Count IV
 

 In August 2005, respondent enrolled as counsel of record for Judy Ann Marie in a criminal case. Respondent failed to appear in court for the trial of Ms. Marie’s case on the following dates: April 7, 2006; May 11, 2006; August 14, 2006; and September 18, 2006. Attachments were issued for respondent’s arrest following the May, August, and September court dates, and in September, the court also ordered counsel appointed to represent respondent’s client.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 and 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal).
 

 Count V
 

 In June 2006, Clifton Thibodeaux, Jr. retained respondent to represent him in a criminal case. Respondent was paid $1,500 of a $5,000 advanced flat fee for the representation; however, respondent failed to appear in court with Mr. Thibo-deaux for his July 19, 2006 arraignment. Respondent also failed to appear at Mr. Thibodeaux’s September 8, 2006 pre-trial conference, and Mr. Thibodeaux had to obtain new counsel who enrolled on October 31, 2006. Respondent failed to account for the advanced fee, and failed to refund the unearned advanced fee.
 

 |4The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3,1.5(f), 1.16(d), and 8.4(c).
 

 Count VI
 

 In November 2006, respondent was personally served with the complaints filed against him in the Rankin, Meyers, Marie, and Thibodeaux matters,
 
 siupra.
 
 Respondent failed to respond to the complaints.
 

 The ODC alleged that respondent’s conduct violated Rule 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
 

 Count VII
 

 Respondent represented Deborah Fabre in a personal injury case that settled in May 2007. On May 4, 2007, the Travelers Indemnity Company issued a settlement check in the amount of $13,862.88 made payable to Ms. Fabre and respondent. On May 29, 2007, respondent issued a check to Ms. Fabre in the amount of $10,354.88 for her portion of the settlement proceeds. This check was returned NSF. Ms. Fabre notified respondent that the check had been returned, but he failed to make the check good and failed to promptly remit the funds to his client.
 
 [1]
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third persons), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c).
 

 
 *142
 

 15Count VIII
 

 In February 2007, Catherine Washington retained respondent to represent her son in a criminal matter. Ms. Washington paid respondent an advanced flat fee of $700, and he informed her that if he could not get her son released from jail, he would refund all the money she had paid. Respondent ultimately did not obtain the release of Ms. Washington’s son from jail, but he did not refund the unearned fee.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f), 1.16(d), and 8.4(c).
 

 DISCIPLINARY PROCEEDINGS
 

 In June 2008, the ODC filed eight counts of formal charges against respondent, as set forth above. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee found that respondent failed to properly account for and refund unearned fees, neglected legal matters, failed to communicate with clients, abandoned his clients, knowingly failed to respond to multiple demands for information from a disciplinary authority, failed to cooperate with the ODC, converted client funds, and |(iwrote an NSF check to a client, all as charged in the formal charges. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that the applicable baseline sanction in this matter is suspension.
 

 In aggravation, the committee found multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to cooperate with the rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1986). In mitigation, the committee acknowledged that respondent has no prior disciplinary record.
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three years.
 

 The ODC filed an objection to the leniency of the sanction recommended by the hearing committee.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also found that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The board determined that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. He caused serious actual harm to his clients in several ways. He left criminal defendants unrepresented in court, which prolonged their criminal proceedings. He failed to return unearned fees to his clients, which caused an additional expense for those who had to retain other counsel to complete their matters. He also converted a substantial ^amount of client money in the Fabre matter. The board determined that
 
 *143
 
 the baseline sanction for this misconduct is disbarment.
 

 As aggravating factors, the board found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to cooperate with the rules or orders of the disciplinary agency, vulnerability of the victims, and substantial experience in the practice of law. The board determined that the only mitigating factor present is the absence of a prior disciplinary record.
 

 Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended that respondent be permanently disbarred. The board further recommended that respondent be ordered to provide an accounting and restitution to his victims, repay the Louisiana State Bar Association’s Client Protection Fund as necessary, and pay the costs and expenses of this proceeding.
 

 Although neither respondent nor the ODC filed an objection to the board’s recommendation, on November 18, 2009, we ordered briefing addressing the issue of an appropriate sanction. Both parties filed briefs in response to the court’s order. In addition, respondent has filed a motion asking that the deemed admitted order issued previously by the hearing committee be vacated and that the matter be remanded for a hearing on the merits.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has Lbeen proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 Prior to discussing the merits, we will first address the motion filed by respondent in which he requests that the deemed admitted order be vacated and that this matter be remanded for a hearing. Respondent premises his motion upon the fact that he did not receive service of the formal charges or of the various pleadings and notices in this case.
 

 We have generally given a very liberal interpretation to the provisions for setting aside deemed admitted orders, especially when there is evidence that the respondent-attorney has made a good faith effort to present a response.
 
 See, e.g., In re: Gardner,
 
 98-1476 (La.10/9/98), 719 So.2d 400;
 
 In re: Tosh,
 
 98-2152 (La.10/9/98), 719 So.2d 396. Nonetheless, deemed admitted orders have not been set aside in cases where the failure to respond timely is attributable to the respondent-attorney’s own actions or inactions.
 
 See, e.g., In re: Morphis,
 
 01-2803 (La.12/4/02), 831 So.2d 934.
 

 In the instant case, the record reflects that service of the formal charges was properly attempted at respondent’s primary registration statement address. Pursuant to Supreme Court Rule XIX, § 8(C), respondent is mandated to keep this information current and to “file with the Louisiana State Bar Association any change in the information previously submitted within thirty days of the change.” The rule further placed respondent on notice that “[sjervice or proof of attempted service at the lawyer’s primary registration statement address shall constitute adequate notice.”
 

 In his motion and accompanying affidavit, respondent candidly admits that he vacated the office where his primary registration address was located and “neglected
 
 *144
 
 to update his primary registration address.” Therefore, by respondent’s own 19admission, his failure to receive proper notice of the formal charges was due to his own actions and inactions.
 
 [2]
 
 Accordingly, we see no basis to disturb the order deeming the allegations of the formal charges admitted and therefore deny respondent’s motion.
 

 Turning to the merits, Supreme Court Rule XIX, § 11(E)(3) provides that in cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts clearly support a finding that respondent neglected his clients’ legal matters, failed to communicate with his clients, failed to refund unearned legal fees, wrote an NSF check to a client in the amount of $10,354.88, and failed to cooperate with the ODC. Based on these facts, we agree that he violated the Rules of Professional Conduct as alleged in the formal charges.
 

 Considered in their totality, the facts indicate respondent essentially abandoned his law practice, thereby causing both actual and potential harm to his clients. Standard 4.41 of the ABA’s
 
 Standards for Imposing Lawyer Sanctions
 
 provides that disbarment is generally appropriate when a lawyer abandons his practice and causes | inserious or potentially serious injury to a client.
 
 See also In re: Poimer,
 
 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94. Additionally, respondent’s conversion of client funds in the Fabre matter warrants a baseline sanction of disbarment.
 
 See
 
 Standard 4.11 of the ABA’s
 
 Standards for Imposing Lawyer Sanctions
 
 (explaining that disbarment is “generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client”). In light of these standards, it is clear the baseline sanction for respondent’s misconduct is disbarment.
 

 Numerous aggravating factors are supported by the record: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to cooperate with the rules or orders of the disciplinary agency, vulnerability of the victims, and substantial experience in the practice of law. The sole mitigating factor we are able to discern from the record is respondent’s lack of a prior disciplinary record.
 

 Considering the misconduct in light of the aggravating and mitigating factors, we see no reason to deviate from the baseline sanction of disbarment.
 
 [3]
 
 Accordingly,
 
 *145
 
 we will disbar respondent. Additionally, we will order him to render a full accounting to his clients and make complete restitution to them.
 

 |nDECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Harry J. Boyer, Jr., Louisiana Bar Roll number 17477, be and he hereby is disbarred, retroactive to July 29, 2009, the date of his interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall provide accountings to all persons encompassed in the formal charges, and make full restitution of any unearned legal fees or other sums owed to such persons. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Weimer, J., recused.
 

 [1]
 

 . In brief to this court, respondent represents that he has repaid Ms. Fabre $5,000 toward the amount of the NSF check.
 

 [2]
 

 . In addition, the ODC, in its response to respondent's motion, points out that even after respondent became aware of the disciplinary board’s recommendation in late August or early September of 2009, he waited an additional two months (until November 19, 2009) to take any action.
 

 [3]
 

 . The disciplinary board recommended that respondent be permanently disbarred. However, based upon our review of the record as well as the supplemental briefing of the parties, we are not convinced that the requirements of guideline 1 of the permanent disbarment guidelines, which suggests
 
 *145
 
 that permanent disbarment may be warranted in cases involving "repeated or multiple instances of intentional conversion of client funds with substantial harm," is applicable under the facts of this case. Although any instance of conversion is serious misconduct, it is well settled that we do not impose permanent disbarment lightly. Rather, permanent disbarment is reserved for those cases where the respondent’s conduct convincingly demonstrates that he does not possess the requisite moral fitness to practice law in this state.
 
 See, e.g., In re: Muhammad,
 
 08-2769 (La.3/4/09), 3 So.3d 458. Based on the record before us, we do not believe respondent’s conduct rises to this level.