# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #012

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **13th day of March, 2018**, are as follows:

**PER CURIAM**:

2017-B-1546          IN RE: LAETITIA BLACK

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Laetitia Black, Louisiana Bar Roll number 28497, be and she hereby is suspended from the practice of law for one year.  It is further ordered that all but six months of the suspension shall be deferred.  Following the active portion of the suspension, respondent shall be placed on unsupervised probation for one year, subject to the conditions set forth in this opinion.  The probationary period shall commence from the date respondent and the ODC execute a formal probation plan.  Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.  All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

HUGHES, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

NO. 2017-B-1546

IN RE: LAETITIA BLACK

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

      This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Laetitia Black, an attorney licensed to practice law in Louisiana.

**FORMAL CHARGES**

*Count I – The Lewis Matter*

      The factual allegations of the formal charges allege that Dennis Lewis hired respondent to assist him in a property partition matter involving a house owned by Mr. Lewis' deceased parents. Respondent mailed letters to the other heirs of the house requesting that they consider donating their specific interests in the property to Mr. Lewis. When none of the other heirs responded, respondent requested and received $2,500 from Mr. Lewis to file a petition to partition the various legal interests in the house.[1] Respondent drafted a petition to partition the property and for the court to appoint a curator for any absent defendants. However, for reasons unknown, the petition was never filed with the court. Mr. Lewis indicated that respondent then terminated the representation. When he went to her office to try to

_____

[1] The record indicates that Mr. Lewis paid respondent a total of $4,486 over the course of the representation.

obtain his file, he was unable to locate her because she had moved her law practice to another, unknown location.

The factual allegations of the formal charges further allege that in October 2014, Mr. Lewis filed a disciplinary complaint against respondent, which resulted in the matter being referred to the Louisiana State Bar Association ("LSBA") fee dispute resolution program. However, when respondent failed to cooperate with the request for fee dispute resolution, the matter was remanded to the ODC for further investigation. The ODC made numerous attempts to contact respondent, sending notice of Mr. Lewis' complaint to several addresses. Notice of the complaint also included notice that she was in violation of Rule 1.16(d) of the Rules of Professional Conduct because her legal services contract contained language stating the client was required to pay fees before she would agree to return the file to the client. Respondent did not respond to any of the ODC's letters, most of which were returned by the post office as unclaimed. On December 2, 2015, respondent finally e-mailed the ODC to ask about the nature of the ODC's attempts to contact her. The ODC advised her that she needed to either arrange to pick up her certified mail at the post office or come to the ODC's office to pick up the correspondence. Respondent did not come to the ODC's office or pick up her mail at the post office as the last letter was returned unclaimed. The ODC made one more attempt to serve respondent with notice of the complaint, via certified mail, at her newly listed address in Shreveport. Someone other than respondent signed for and accepted the letter on January 21, 2016, but respondent never responded to the complaint.

The ODC alleged that respondent's conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d)

2

(obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation).

*Count II – The Failure to Cooperate Matter*

The factual allegations of the formal charges allege that Jude Williams hired respondent to represent him in a breach of contract matter. In April 2013, Mr. Williams filed a disciplinary complaint against respondent, alleging she failed to expedite his claim, failed to communicate with him, and frequently billed him for legal work that was not performed. After investigating Mr. Williams' complaint, the ODC elected to close the complaint on March 17, 2014 on the condition that respondent attend the LSBA Trust Accounting School, participate in the fee dispute resolution program, and pay the costs of her sworn statement. Respondent agreed to these conditions.

The factual allegations of the formal charges further allege that when respondent failed to participate in fee dispute resolution or pay the costs of the sworn statement, the ODC opened a formal complaint against her on July 15, 2015. The ODC then experienced great difficulty in locating respondent in order to serve her with notice of the complaint as well as a subpoena to obtain her sworn statement. Respondent never responded to the complaint.

The ODC alleged that respondent's conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**DISCIPLINARY PROCEEDINGS**

In May 2016, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence

3

pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

*Hearing Committee Report*

After considering the ODC's deemed admitted submission, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Specifically with respect to the Lewis matter, the committee found that respondent agreed to represent Mr. Lewis in connection with a property partition of inherited property for a fee of $4,486, which Mr. Lewis paid. Respondent mailed several letters and drafted a petition for partition. She then terminated the representation but did not refund any unearned fees. Respondent did not participate in fee dispute resolution and failed to return Mr. Lewis' file materials to him. She also failed to cooperate with the ODC in its investigation. Based on these facts, the committee determined respondent violated Rules 1.3, 1.4, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct. Specifically regarding the failure to cooperate matter, the committee found that Mr. Williams hired respondent to represent him in a breach of contract claim. Respondent failed to expedite Mr. Williams' claim, failed to communicate with him, and billed him for legal work that was not performed. Respondent agreed to conditions related to Mr. Williams' complaint with the ODC but failed to complete those conditions. Based on these facts, the committee determined that respondent violated Rules 1.4, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct.

The committee then determined that respondent knowingly violated duties owed to her clients, the public, and the legal profession, causing harm to her clients.

4

The committee further determined that, under the ABA's *Standards for Imposing Lawyer Sanctions*, the baseline sanction is suspension.

In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution. In mitigation, the committee found only the absence of a prior disciplinary record.

After also considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee further recommended that respondent be ordered to provide accountings and refund all unearned fees to Mr. Lewis and Mr. Williams.

Neither respondent nor the ODC filed an objection to the hearing committee's report.

*Disciplinary Board Recommendation*

After review, the disciplinary board determined that the factual allegations in the formal charges were deemed admitted and proven. The board also determined that the hearing committee's additional findings are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the factual allegations. Based on these findings, the board concluded that respondent violated Rules 1.3, 1.4, 1.5(f)(5), 1.16(d), and 8.1(c) of the Rules of Professional Conduct with respect to the Lewis matter. Regarding the failure to cooperate matter, the board declined to adopt the committee's finding of a violation of Rules 1.4 and 1.5(f)(5) since respondent was not charged with these violations in

5

the formal charges. Instead, the board concluded that, based on the facts presented, respondent violated Rules 8.1(c) and 8.4(c) as alleged in the formal charges.

The board then determined that respondent knowingly violated duties owed to her clients and the legal profession, causing harm to her clients and the disciplinary system. The board agreed with the committee that the baseline sanction is suspension. The board also agreed with the aggravating and mitigating factors found by the committee.

After further considering this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be ordered to make restitution to Mr. Lewis and Mr. Williams, as appropriate.[2]

Following the filing of the disciplinary board's recommendation in this court, respondent filed a motion to remand the matter to the hearing committee as well as objections to the board's recommendation. After consideration, we denied the motion to remand and ordered the case docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

Prior to addressing the merits, we must discuss respondent's motion to submit additional evidence. Specifically, along with her brief to this court, respondent filed

---

[2] At the request of the board, the ODC determined that Mr. Williams paid respondent a total of $2,200.

6

a "Motion for Leave to Proffer, Under Seal, Offer of Proof Referenced in Respondent's Original Brief." Attached to the motion were copies of Mr. Lewis' and Mr. Williams' files and respondent's written analysis and report of the legal services she provided to Mr. Lewis and Mr. Williams. The ODC filed a motion to strike the evidence proffered by respondent.

We granted respondent's motion for the sole purpose of permitting this proffered evidence to be considered at the court's discretion. Considering the procedural background of this case and argument of the parties, we now decline to receive the proffered evidence into the record.

Respondent argues this court should permit the record to be expanded because she did not receive actual notice of the formal charges. However, a review of the record clearly reveals respondent was properly served with the formal charges.

The rules governing service of formal charges are found in Supreme Court Rule XIX, § 13, subsections (A) and (D), which provide:

> **A. Service of Petition.** Service upon the respondent of the petition in any disciplinary or disability proceeding shall be made by personal service, by any person authorized by the chair of the board, or by mailing the petition by registered or certified mail to the primary address shown in the registration statement filed by respondent pursuant to Section 8C or other last known address.
>
> ***
>
> **D. Proof of Service.** When service is made by mail, delivery, or facsimile transmission, a certificate shall be filed in the record of the manner in which service was made. When service is made by registered or certified mail, return receipt requested, a copy of the mailed documents and the signed return receipt shall be filed in the record as proof of service. In cases of personal service, proof of personal service shall be filed in the record.

The record establishes respondent was served with the formal charges via certified mail sent to her primary registration address on file with the LSBA, and the signed certified mail return receipt green card was returned to the ODC on May 25,

7

2016.[3] Therefore, respondent was properly served with the formal charges, pursuant to Rule XIX, § 13 (A) and (D).

We have typically been very liberal in setting aside deemed admitted orders, especially where there exists evidence that the respondent has made a good faith effort to present a response. *In re: Gardner*, 98-1476 (La. 10/9/98), 719 So. 2d 400, and *In re: Tosh*, 98-2152 (La. 10/9/98), 719 So. 2d 396. However, deemed admitted orders have not been set aside in cases where the failure to respond timely is attributable to the respondent's own actions or inactions. *In re: Whitehead*, 09-1868 (La. 1/29/10), 28 So. 3d 249, and *In re: Morphis*, 01-2803 (La. 12/4/02), 831 So. 2d 934.

In the absence of any evidence that respondent did not receive proper service, we must conclude her failure to respond timely was the result of her own inaction. Accordingly, we will not receive the proffered evidence into the record nor will we set aside the deemed admitted order.

Turning to the merits, we find this case is governed by Supreme Court Rule XIX, § 11(E)(3), which provides that in cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow

---

[3] In addition to the formal charges, numerous notices and correspondence were mailed to respondent at her then primary address (in Shreveport) and a secondary address (in Bossier City), including a copy of the deemed admitted order, a copy of the ODC's deemed admitted submission on sanctions, a copy of the hearing committee's report and recommendation, notice of the date of oral argument before the board, and a copy of the board's report and recommendation.

8

from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The evidence in the record of this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, failed to refund unearned fees, and failed to cooperate with the ODC in two investigations. As such, she has violated the Rules of Professional Conduct as alleged by the ODC.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In assessing a proper sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent knowingly violated duties owed to her clients and the legal profession. Her conduct harmed her clients and the disciplinary system. The baseline sanction for this type of misconduct is suspension.

Some aggravating factors are present, including a pattern of misconduct and multiple offenses. However, it is significant that respondent has no disciplinary record since she was admitted to the bar in 2003. Additionally, although respondent did not participate in the proceedings before the hearing committee and the disciplinary board, she has fully briefed and argued her position in this court.

Considering all the facts, we conclude the appropriate sanction for respondent's misconduct is a one-year suspension from the practice of law. However, in the interest of justice, we will defer six months of this suspension. Following completion of the active portion of her suspension, respondent shall be

placed on unsupervised probation for a period of one year subject to the following conditions: (1) respondent shall attend and successfully complete the LSBA's Ethics School, and (2) respondent shall make restitution to Dennis Lewis and Jude Williams, as appropriate. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.

## DECREE

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Laetitia Black, Louisiana Bar Roll number 28497, be and she hereby is suspended from the practice of law for one year. It is further ordered that all but six months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on unsupervised probation for one year, subject to the conditions set forth in this opinion. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

SUPREME COURT OF LOUISIANA

No. 2017-B-1546

IN RE: LAETITIA BLACK

ATTORNEY DISCIPLINARY PROCEEDING

**Hughes, J., dissenting.**

I respectfully dissent, and would defer no part of the one year suspension.